UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LAKEYSHA TENILLE HENRY, as an individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>SCREENING REPORTS, INC., a Foreign Corporation registered to do business in the State of Florida; and DOES 1-10 inclusive,<br><br>Defendant(s). | Case No.: 3:23-3408-MGL<br><br>**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL** |

Plaintiff LAKEYSHA TENILLE HENRY (hereafter "Plaintiff") files her Complaint for Damages and Demand for a Jury Trial against Defendants SCREENING REPORTS, INC., and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. Defendant is a tenant screening company that furnishes tenant screening reports to prospective landlords. Its reports include information related to an applicant's credit history, eviction history and criminal history.

2. On or about July 2021, Plaintiff submitted an application with the landlord The Vue at St. Andrews.

3. In connection with Plaintiff's housing application, The Vue procured a background screening report on Plaintiff from Defendant.

4. On or about July 15, 2021, Defendant furnished a tenant background check report to Plaintiff's prospective landlord.

5. Defendant disclosed outdated criminal history.

6. Specifically, Defendant disclosed records that had been pardoned on December 4, 2019.

7. Any cursory review of records from the South Carolina Department of Probation, Parole, and Pardon Services would have alerted Defendant that the disclosed records had been pardoned.

8. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the **maximum possible accuracy** of the information reported. Disclosing pardoned records is a clear violation of this statute.

9. Defendant did not have defined processes to verify the accuracy of the public records information provided.

10. The only time Defendant conducts any such verification is *after* a consumer dispute and the housing opportunity is already lost.

11. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of housing.

12. Accordingly, Plaintiff seeks recovery for her actual damages, including denial of housing, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

**THE PARTIES**

13. Plaintiff is an individual and resident of the County of Richland, Columbia, South Carolina.

14. Defendant is an investigative consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq.*) 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

15. Screening Reports is a foreign company registered to do business in Florida with the Florida Secretary of State. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Corporation Service Company.

16. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

17. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

18. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION
## (15 USC §1681(e)(b) and DOES 1-10)

19. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

20. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

21. Defendant's conduct was willful and/or reckless because it knew that disclosing pardoned records is insufficient to assure maximum possible accuracy of the criminal history information reported.

22. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

23. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

-3-

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

follows:

    a. For a declaration that Defendants' practices violate FCRA

    b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

    c. For interest upon such damages as permitted by law;

    d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

    e. For the costs of the lawsuit;

    f. For injunctive relief as applicable; and

    g. For such other orders of the Court and further relief as the Court deems just and proper.

Dated: July 17, 2023

/s/ *Penny Hays Cauley*
Penny Hays Cauley, Fed. ID No. 10323
**HAYS CAULEY, P.C.**
1303 W. Evans Street
Florence, SC 29501
Telephone: (843) 665-1717
Fax: (843) 665-1718
phc917@hayscauley.com

Devin Fok (SBN #256599)
devin@devinfoklaw.com
Ainat Kiewe (SBN #207439)
ainat@devinfoklaw.com
**DHF Law, PC**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023
*\*Pro Hac Vice Forthcoming*
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

/s/ *Penny Hays Cauley*
Of Counsel